IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| MICHAEL C. LIND<br>c/o Law Offices of Blake R. Maislin, LLC<br>2306 Park Avenue<br>Cincinnati, Ohio 45206<br><br>    PLAINTIFF,<br><br>v.<br><br>ASHCRAFT & GEREL, LLP<br>8403 Colesville Road, Suite 1250<br>Silver Spring, Maryland 20910<br><br>SERVE: Bethesda Service Company, Inc.<br>4416 East West Highway, Suite 400<br>Bethesda, Maryland 20814<br><br>    DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Case No. _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

Plaintiff Michael C. Lind ("Plaintiff"), through counsel, files his Complaint against Defendant Ashcraft & Gerel, LLP ("Defendant"), and herein seeks recovery of earned and unpaid wages, statutory liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs under the Maryland Wage Payment Collection Law ("MWPCL"), and for other relief for cause set forth herein.

### **PARTIES AND JURISDICTION**

1. Plaintiff is an adult resident and domiciliary of the State of Ohio.

2. Defendant is a Limited Liability Partnership.

3. Defendant is organized under the laws of the District of Columbia.

4. Each of Defendant's Owners and Managing Partners is an adult domiciliary and resident of the State of South Carolina.

5. Defendant operates as a law firm representing personal injury and Workers' Compensation clients in Maryland, Virginia, and the District of Columbia, among other areas of practice.

6. Defendant operates and maintains an active law office in Montgomery County, Maryland.

7. Defendant employed Plaintiff to perform his employment duties that give rise to his claims in this action within the State of Maryland.

8. During the relevant period, Defendant qualified as Plaintiff's employer under the MWPCL.

9. During the relevant period, Plaintiff qualified as Defendant's employee under the MWPCL.

10. Complete diversity of citizenship exists between the Parties.

11. Plaintiff seeks recovery of monetary damages against Defendant in an amount exceeding $75,000.00.

12. This Court has "Diversity of Citizenship" jurisdiction to adjudicate Plaintiff's claims for relief sought against Defendant pursuant to 28 U.S.C. § 1332(a)(1).

13. Pursuant to the foregoing, jurisdiction and venue are proper in the United States District Court for the District of Maryland, Greenbelt Division.

## FACTS

14. On July 18, 2021, Plaintiff and Defendant mutually, knowingly, and voluntarily agreed to the terms and conditions set forth within Defendant's offer of employment to Plaintiff for the position of Senior Pre-Litigation Attorney (hereafter, "the Agreement").

15. As confirmed by the Agreement, Plaintiff's employment position was at or out of Defendant's Silver Spring Office, located at 8403 Colesville Road, Suite 1250, Silver Spring, Maryland 20910.

16. As confirmed by the Agreement, Defendant promised to pay Plaintiff wages in the form of a 10% referral fee on each Workers' Compensation case Plaintiff originated following the execution of the Agreement.

17. As confirmed by the Agreement, Defendant promised to pay Plaintiff wages in the form of mutually agreed upon fee splits on Plaintiff's ongoing cases Plaintiff brought with him to Defendant, identified by name, description, and fee split percentage within Addendum A to the Agreement ("the Addendum").

18. The Addendum, and Defendant's promise to pay Plaintiff wages in accordance with fee splits set forth within the Addendum, was expressly incorporated by Plaintiff and Defendant into the Agreement.

19. At the time the Agreement was executed, Plaintiff and Defendant mutually, voluntarily, and knowingly agreed to Plaintiff's entitlement to promised wages in the form of the fee splits set forth within the Addendum.

20. Plaintiff resigned his employment with Defendant on or about September 23, 2022.

21. Plaintiff's entitlement to full payment of a 10% referral fee on each Workers' compensation case Plaintiff originated following the execution of the Agreement survived his resignation of employment.

22. Defendant's duty to fully pay Plaintiff his promised and earned 10% referral fee on each Workers' Compensation case Plaintiff originated following the execution of the Agreement survived Plaintiff's resignation of employment.

23. Prior to Plaintiff's resignation, Plaintiff performed all duties and prerequisites required to earn full payment of his promised wages in the form of his 10% referral fee on each Workers' Compensation case Plaintiff originated following the execution of the Agreement.

24. Following Plaintiff's resignation, and continuing to date, Defendant materially breached its duty to Plaintiff by knowingly withholding and failing to pay Plaintiff his promised and earned wages in the full amount of his 10% referral fee on each Workers' Compensation case Plaintiff originated following the execution of the Agreement.

25. Plaintiff's entitlement to full payment of his promised wages in the form of each of his fee splits set forth within the Addendum survived his resignation of employment.

26. Defendant's duty to fully pay Plaintiff his promised and earned fee splits set forth within the Addendum survived Plaintiff's resignation of employment.

27. Prior to Plaintiff's resignation, Plaintiff performed all duties and prerequisites required to earn full payment of his promised wages in the form of each of his fee splits set forth within the Addendum.

28. Following Plaintiff's resignation, and continuing to date, Defendant materially breached its duty to Plaintiff by knowingly withholding and failing to pay Plaintiff his promised and earned wages consistent with the fee splits set forth within the Addendum.

29. Following Plaintiff's resignation, and continuing to date, Defendant has materially breached its duty to Plaintiff by knowingly withholding and failing to pay Plaintiff his promised and earned wages, as described herein, in an amount exceeding $75,000.00.

30. Following Plaintiff's resignation, and continuing to date, Defendant's withholding and failure to pay Plaintiff his promised and earned wages was, and continues to be, willful, intentional, and not the product of good faith or a *bona fide* dispute between Plaintiff and Defendant.

## CAUSE OF ACTION

### COUNT I
### Violation of the MWPCL

31. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

32. The MWPCL required Defendant to fully and timely pay Plaintiff the full amount of his promised and earned wages.

33. As herein alleged, following Plaintiff's resignation, and continuing to date, Defendant violated Plaintiff's wage payment rights under the MWPCL by knowingly withholding and failing to fully or timely pay Plaintiff his promised and earned wages in an amount exceeding $75,000.00.

34. Defendant's violation of Plaintiff's MWPCL wage payment rights, as herein described, was, and continues to be, willful, intentional, and not the product of good faith or a *bona fide* dispute between Plaintiff and Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant in the full amount of Plaintiff's unlawfully withheld promised and earned wages in amount to be determined at trial, plus statutory liquidated damages in an additional two times (2x) (a total of trebled (3x) damages), pre and post-judgment interest, and an award of Plaintiff's attorneys' fees and costs to be determined by post-judgment petition.

## COUNT II
### Breach of Contract

35. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

36. In the alternative, if any portion of Plaintiff's claim is not recoverable under the MWPCL, Plaintiff and Defendant knowingly, voluntarily, and mutually agreed to a binding contractual agreement, pursuant to which, Defendant was required to pay Plaintiff (a) a 10% referral fee on each Workers' Compensation case Plaintiff originated following the execution of the Agreement and (b) full payment on all fee splits set forth within the Addendum.

37. Plaintiff fully performed and satisfied all contractual prerequisites for which Defendant was required to pay Plaintiff the full amount of Plaintiff's earned, promised, and mutually agreed upon wages, including (a) a 10% referral fee on each Workers' Compensation case Plaintiff originated following the execution of the Agreement and (b) full payment on all fee splits set forth within the Addendum.

38. Following Plaintiff's resignation, and continuing to date, Defendant materially breached its duty to Plaintiff by knowingly withholding and failing to pay Plaintiff his promised and earned wages in the full amount of his 10% referral fee on each Workers' Compensation case Plaintiff originated following the execution of the Agreement.

39. Following Plaintiff's resignation, and continuing to date, Defendant materially breached its duty to Plaintiff by knowingly withholding and failing to pay Plaintiff his promised and earned wages consistent with the fee splits set forth within the Addendum.

40. Following Plaintiff's resignation, and continuing to date, Defendant's material breach of its contractual duties to Plaintiff arising from the Agreement, as alleged herein, has caused Plaintiff to suffer resulting contractual damages, as described herein, in an amount exceeding $75,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant for breach of contract damages in the full amount of his promised and earned (a) 10% referral fee on each Workers' Compensation case Plaintiff originated following the execution of the Agreement and (b) full payment on all fee splits set forth within the Addendum, plus pre-judgment and post-judgment interest, and all recoverable costs and expenses.

### COUNT III
**Quantum Meruit / Unjust Enrichment**

41. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

42. In the alternative, if any portion of Plaintiff's claim is not recoverable under the MWPCL or as breach of contract damages, Plaintiff performed valuable services for Defendant under circumstances in which Plaintiff and Defendant reasonably expected that Defendant would pay Plaintiff a fair and equitable referral fee on Workers' Compensation cases Plaintiff originated following the execution of the Agreement and a fair and equitable fee split on Plaintiff's cases he brought with him to his employment with Defendant, as identified within the Addendum.

43. It would be unfair and inequitable for Defendant to receive and retain the full fee amount for all Workers' Compensation cases Plaintiff originated following the execution of the Agreement and the full fee amount for all cases Plaintiff brought with him to his employment with Defendant, as identified within the Addendum, without Defendant paying Plaintiff full and reasonably expected compensation for the same.

44. Defendant has been unjustly enriched by its receipt and retention of the full fee amount for all Workers' Compensation cases Plaintiff originated following the execution of the Agreement and the full fee amount for all cases Plaintiff brought with him to his employment with Defendant, as identified within the Addendum.

WHEREFORE, Plaintiff prays for judgment against Defendant under the equitable theory of quantum meruit and unjust enrichment damages for the fair and reasonable payment to Plaintiff in the amount of (a) a 10% referral fee on each Workers' Compensation case Plaintiff originated following the execution of the Agreement and (b) full payment on all fee splits set forth within the Addendum, plus pre and post-judgment interest, and all recoverable costs and expenses.

        Respectfully submitted,

        __/s/ *Gregg C. Greenberg*_____
        Gregg C. Greenberg, Bar No. 17291
        Zipin, Amster & Greenberg, LLC
        8757 Georgia Avenue, Suite 400
        Silver Spring, Maryland 20910
        Phone: 301-587-9373
        Email: ggreenberg@zagfirm.com

        *Counsel for Plaintiff*